UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ralph Guisti<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A., EQUIFAX INFORMATION SERVICES LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.*)** |

COMES NOW Plaintiff, Ralph Guisti ("Plaintiff"), by and through counsel undersigned, and for its causes of action against Defendants Chase Bank USA, N.A., Equifax Information Services LLC, and Experian Information Solutions, Inc., for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* and alleges as follows:

1. That Plaintiff is, and was at all times hereinafter mentioned, a resident of Belchertown, Massachusetts, which is located in Hampshire County, Massachusetts.

2. That Plaintiff owned or had ownership an interest in Macdac Engineering ("Plaintiff's Company") located in North Amherst, Massachusetts.

3. That, on information and belief, Defendant, Chase Bank USA, N.A. ("CHASE"), is not a corporation registered with the Secretary of the Commonwealth of Massachusetts, but at all times relevant hereto was

registered with the FDIC as a Federally Chartered National Bank with their headquarters located at 201 N. Walnut Street, Wilmington, Delaware, 19801.

4. That, on information and belief, Defendant CHASE is, and at all times relevant hereto was, regularly doing business in the State of Massachusetts.

5. That, on information and belief, Defendant Equifax Information Services LLC, ("EQUIFAX"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Massachusetts as a Foreign Limited Liability Company and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 84 STATE STREET, BOSTON, MA, 02109.

6. That, on information and belief, Defendant EQUIFAX, is, and at all times relevant hereto was, regularly doing business in the State of Massachusetts.

7. That, on information and belief, Defendant Experian Information Solutions, Inc. ("EXPERIAN"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Massachusetts as a Foreign Corporation and has designated the following registered statutory agent: CT CORPORATION SYSTEM, 155 FEDERAL STREET, SUITE 700, BOSTON, MA, 02110.

8. That, on information and belief, Defendant EXPERIAN, is, and at all times

relevant hereto was, regularly doing business in the State of Massachusetts.

9. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendants as the Plaintiff resides in Massachusetts, the Defendants had the necessary minimum contacts with the State of Massachusetts, and the cause of action arose in Massachusetts.

10. That the Plaintiff is a consumer and victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

### COUNT I

11. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

12. That on or about October 27, 2012, Defendant CHASE issued a 1099-C, cancellation of debt, for Plaintiff's Company CHASE credit card account ending 5290-7852 ("Account1").

13. That, upon information and belief, Plaintiff personally guaranteed the Account1 or was otherwise personally liable for the Account1.

14. That, the 1099-C canceled the principal balance owed, excluding interest and fees.

15. That, the Identifiable Event Code on the 1099-C is marked "G".

16. That, Code "G" on a 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

17. Subsequently, Defendant submitted a tax form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of debt amount of the debt owed to Defendant.

18. That as a result, Plaintiff was obligated to pay taxes on the cancelled debt.

19. That, Defendant CHASE still reported a balance on the Account1, inclusive of interest and fees, on Plaintiff's consumer credit report.

20. That Defendants EQUIFAX and EXPERIAN are willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

21. On or about October 20, 2016, Plaintiff sent a written dispute regarding the accuracy of the derogatory balance information reported on Account1 on Plaintiff's consumer credit report by Defendant CHASE to Defendant EXPERIAN, a consumer credit reporting agency as defined in 15 U.S.C. §1681a.

22. On or about January 5, 2017, Plaintiff sent a written dispute regarding the accuracy of the derogatory balance information reported on Account1 on Plaintiff's consumer credit report by Defendant CHASE to Defendant EQUIFAX, a consumer credit reporting agency as defined in 15 U.S.C. §1681a.

23. Upon information and belief, EQUIFAX and EXPERIAN forwarded at least a portion of Plaintiff's dispute to Defendant CHASE re: Account1.

24. That on or about November 14, 2016, Defendants CHASE and EXPERIAN responded to Plaintiff's written dispute letter on Account1 without removing the erroneous balance information that was identified in Plaintiff's dispute letter on Account1.

25. That on or about February 1, 2017, Defendants CHASE and EQUIFAX responded to Plaintiff's written dispute letter on Account1 without removing the erroneous balance information that was identified in Plaintiff's dispute letter on Account1.

26. That Defendant CHASE willfully failed to conduct a proper investigation and correct the inaccurate balance reporting of the Account1 to EQUIFAX and EXPERIAN in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff.

27. That Defendant CHASE is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, EQUIFAX and EXPERIAN, as defined by 15 U.S.C. § 1681a.

28. That Defendants EQUIFAX and EXPERIAN failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff.

29. That Defendants EQUIFAX and EXPERIAN failed to correct the inaccurate balance reporting on Account1 in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

30. That Defendants EQUIFAX and EXPERIAN, willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681e.

31. That the foregoing acts and omissions of the Defendants constitute an unacceptable violation of the FCRA.

### COUNT II

32. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

33. That on or about October 27, 2012, Defendant CHASE issued a 1099-C, cancellation of debt, for Plaintiff's Company CHASE credit card account ending 6591-9378 ("Account2").

34. That, upon information and belief, Plaintiff personally guaranteed the Account2 or was otherwise personally liable for the Account2.

35. That, the 1099-C canceled the principal balance owed, excluding interest and fees.

36. That, the Identifiable Event Code on the 1099-C is marked "G".

37. That, Code "G" on a 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

38. Subsequently, Defendant submitted a tax form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of debt amount of the debt owed to Defendant.

39. That as a result, Plaintiff was obligated to pay taxes on the cancelled debt.

40. That, Defendant CHASE still reported a balance on the Account2, inclusive of interest and fees, on Plaintiff's consumer credit report.

41. That Defendant EXPERIAN is willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

42. On or about October 20, 2016, Plaintiff sent a written dispute regarding the accuracy of the derogatory balance information reported on Account2 on Plaintiff's consumer credit report by Defendant CHASE to Defendant EXPERIAN, a consumer credit reporting agency as defined in 15 U.S.C. §1681a.

43. Upon information and belief, EXPERIAN forwarded at least a portion of Plaintiff's dispute to Defendant CHASE re: Account2.

44. That on or about November 14, 2016, Defendants CHASE and EXPERIAN responded to Plaintiff's written dispute letter on Account2 without removing

the erroneous balance information that was identified in Plaintiff's dispute letter on Account2.

45. That Defendant CHASE willfully failed to conduct a proper investigation and correct the inaccurate balance reporting of the Account2 to EXPERIAN in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff.

46. That Defendant CHASE is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, EXPERIAN, as defined by 15 U.S.C. § 1681a.

47. That Defendant EXPERIAN failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff.

48. That Defendant EXPERIAN failed to correct the inaccurate balance reporting on Account2 in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

49. That Defendant EXPERIAN, willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681e.

50. That the foregoing acts and omissions of the Defendants constitute an unacceptable violation of the FCRA.

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681n and demands:

### AS TO COUNT I:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### AS TO COUNT II:

5. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

6. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

7. The costs of instituting this action together with reasonable attorney's

fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this 5th day of May, 2017.

Respectfully submitted,

/s/Deirdre Healy
Deirdre Healy
SBN: MA 662399
316 Main Street, Sixth Floor
Worcester, MA 01608
(508) 890-7900
dhealy@dhealylaw.com